*In the*

# United States Court of Appeals

*for the*

# Federal Circuit

———————— • ————————

CTD NETWORKS, LLC,

*Plaintiff-Appellant,*

v.

MICROSOFT CORPORATION,

*Defendant-Appellee.*

———————————————————

*Appeal from the United States District Court for the Western District of Texas*
*Case No. 6:22-cv-01049-XR · Judge Xavier Rodriguez*

## DEFENDANT-APPELLEE MICROSOFT'S RESPONSE TO RAMEY LLP'S MOTION FOR MISCELLANEOUS RELIEF

JONATHAN J. LAMBERSON, ESQ.
HENRY Y. HUANG, ESQ.
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, California 94306
(650) 213-0300 Telephone
(650) 213-8158 Facsimile
jonathan.lamberson@whitecase.com
henry.huang@whitecase.com

*Attorneys for Defendant-Appellee,*
*Microsoft Corporation*

March 25, 2024



# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number** 23-2429

**Short Case Caption** CTD Networks, LLC v. Microsoft Corporation

**Filing Party/Entity** Microsoft Corporation

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: March 25, 2024

Signature: /s/ Jonathan Lamberson

Name: Jonathan Lamberson

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Microsoft Corporation | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐     None/Not Applicable           ☐     Additional pages attached

| James Travis Underwood (Gillam & Smith) | Melissa Richards Smith (Gillam & Smith) | Lauren Pelletier (formerly White & Case LLP) |
|---|---|---|
| | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐   Yes (file separate notice; see below)     ☑   No     ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑     None/Not Applicable           ☐     Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... ii

INTRODUCTION ................................................................................ 1

ARGUMENT ......................................................................................2

    1.    Movant Provides No Legal Basis For its Requested Relief..................2

    2.    Movant's Fear About a Possible Fee Award is Not Ripe
          for Appeal ................................................................................2

    3.    Allowing Movant to Pursue This Appeal After Settlement
          Wastes Court and Party Resources ......................................5

CONCLUSION....................................................................................6

CERTIFICATE OF SERVICE AND FILING .........................................7

CERTIFICATE OF COMPLIANCE.......................................................8

# TABLE OF AUTHORITIES

**CASES**                                                                **Page(s)**

*AstraZeneca Pharms. LP v. Apotex Corp.*,
    669 F.3d 1370 (Fed. Cir. 2012) .......................................................3

*Fantasy, Inc. v. Fogerty*,
    94 F.3d 553 (9th Cir. 1996) ...........................................................2

*Fed. Data Corp. v. SMS Data Prods. Grp., Inc.*,
    819 F.2d 277 (Fed. Cir. 1987) .......................................................3

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517 (1994).......................................................................2

*ICON Health & Fitness, Inc. v. Octane Fitness, LLC*,
    706 F. App'x 666 (Fed. Cir. 2017) ...............................................2

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014).......................................................................2

*Orenshteyn v. Citrix Sys., Inc.*,
    691 F.3d 1356 (Fed. Cir. 2012) .....................................................4

*Sanders Associates, Inc. v. Summagraphics Corp.*,
    2 F.3d 394 (Fed. Cir. 1993) ...........................................................4

*Urban Developers LLC v. City of Jackson*,
    468 F.3d 281 (5th Cir. 2006) .........................................................3

*View Eng'g, Inc. v. Robotic Vision Sys.*,
    208 F.3d 981 (Fed. Cir. 2000) .......................................................4

*White v. New Hampshire Department of Employment Security*,
    455 U.S. 445 (1982).......................................................................4

## INTRODUCTION

Microsoft and CTD—the only parties to this appeal—settled their dispute and stipulated to dismissal. Ramey LLP ("Movant"), CTD's former counsel who requested to withdraw from this case on an "emergency" basis, now asks this Court to maintain this appeal notwithstanding the fact that the parties do not wish to proceed. Movant fails to give any procedural or legal basis for this request.

Allowing this appeal to proceed despite the parties' settlement would undermine the purpose of the settlement and result in wasted effort. Specifically, Movant's request is unripe because the district court has not yet addressed whether it should award Microsoft its attorney's fees, and whether Ramey LLP should be sanctioned. If this appeal proceeds and Microsoft prevails, the district court might nonetheless deny the pending fee and sanctions motions, rendering this entire appeal an unnecessary exercise in futility. If this appeal proceeds and Movant prevails, the case will *still* not reach the merits, since CTD licensed Microsoft under the asserted patents. Rather than maintaining this appeal, the Court should dismiss it in accordance with the stipulation filed by CTD. If Ramey LLP is sanctioned, it can file a new appeal challenging the sanctions award and disputing the underlying merits decision that triggered it.

## ARGUMENT

**1.   Movant Provides No Legal Basis For its Requested Relief.**

In its motion for "miscellaneous relief," Movant does not cite any legal authority justifying its exceptional request. The only cases Movant cites provide the standards for addressing fee awards in patent and copyright cases respectively. *See* Mot. at 11, citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) and *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).[1] These cases do not involve circumstances where the parties reached a settlement during the appeal, or where a lawyer that used to represent a party wished to maintain the appeal. Movant's lack of authority for its request is a sufficient basis to deny it.

**2.   Movant's Fear About a Possible Fee Award is Not Ripe for Appeal.**

Movant argues that "the entity that controls CTD," an entity called AiPi LLC, "became openly adverse to Ramey LLP" (Mot. at 4), that "CTD's new counsel, Whitestone Law, is attempting to dismiss this appeal to harm Ramey LLP" (Mot. at 10), and that "its former client works against its interests" (Mot. at 12). This dispute between Movant, his former client CTD, and their litigation funder, AiPi, has nothing to do with Microsoft or the merits of this appeal. Maintaining this appeal will not resolve these disputes.

---

[1] In both cases Movant cites, on remand, the lower court awarded fees. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553 (9th Cir. 1996); *ICON Health & Fitness, Inc. v. Octane Fitness, LLC*, 706 F. App'x 666, 669 (Fed. Cir. 2017).

More importantly, the district court has not yet issued any sanctions against Ramey LLP—the district court stayed Microsoft's fee and sanctions motions pending this appeal. (*See* Ex. A and B).[2] Accordingly, there are no fee or sanctions issues ripe for adjudication by this Court. *See AstraZeneca Pharms. LP v. Apotex Corp.*, 669 F.3d 1370, 1380 (Fed. Cir. 2012) ("Among the requirements for establishing a justiciable case or controversy under Article III, a dispute must present issues that are ripe for judicial resolution"); *Urban Developers LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006) ("before addressing the merits of any appeal, however, this court must be convinced that the claim in question is ripe").

If this appeal is allowed to proceed and Microsoft prevails, the district court may nevertheless deny the pending request for sanctions—rendering the entire appellate process a wasted effort. If the appeal is allowed to proceed and Movant prevails, the district court will ***still*** not reach the merits because CTD has licensed Microsoft under the asserted patents. The proper course is to dismiss this appeal, as the parties jointly and voluntarily requested, sending it back to the district court with instructions to rule on the pending motion for sanctions. This is also the only course consistent with the parties' settlement agreement. *See Fed. Data Corp. v. SMS Data Prods. Grp., Inc.*, 819 F.2d 277, 280 (Fed. Cir. 1987) ("to require the parties who have settled their differences to continue to litigate (including further

---

[2] Exhibits A and B are true and correct copies of filings from the court below.

proceedings in this court) is unjust not only to the parties, but is wasteful of the resources of the judiciary").

Movant can, of course, argue to the district court that the appeal was not adjudicated on the merits, and the district court can weigh that in deciding whether sanctions are appropriate. If the district court awards sanctions against Ramey LLP, Movant can appeal, at which point the underlying merits issues merge with the judgment on the motion for sanctions, presenting this Court with a complete, ripe dispute for resolution. *See View Eng'g, Inc. v. Robotic Vision Sys.*, 208 F.3d 981 (Fed. Cir. 2000) (resolving law firm appeal of Rule 11 fee award); *see also Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1363 (Fed. Cir. 2012) ("the prudential way to avoid 'piecemeal appeals' is for the district court to 'promptly' hear and decide claims for attorney's fees; '[s]uch practice normally will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits.") (citing *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 454 (1982)); *Sanders Associates, Inc. v. Summagraphics Corp.*, 2 F.3d 394, 396 (Fed. Cir. 1993) ("a sanction order is best appealed after final judgment is entered, as the appellate court could then review the sanction order against the background of the case as a whole").

**3.    Allowing Movant to Pursue This Appeal After Settlement Wastes Court and Party Resources.**

In addition to lacking ripeness or a valid legal basis, Movant attempts to re-open a case that the parties already settled and asked to dismiss.  Neither CTD nor Microsoft wishes to litigate the merits anymore—only CTD's former counsel insists on proceeding.  This is the same former counsel who apparently filed an opening appeal brief without client authority to do so.  (*See* Document 12-1 at 11 ("Ramey LLP has not been authorized by the client CTD Networks to file [a] brief…")).  While former counsel complains to this Court of recent adversity with litigation funder AiPi, which owns and controls CTD (Mot. at 4, 8; Ramey Decl. at ¶ 8), Movant never raised these disputes until after Microsoft sought sanctions below, and indeed never disclosed the involvement of AiPi under Federal Rule of Civil Procedure 7.1.  *See CTD Networks, LLC v. Microsoft Corp.,* Case No. 6:22-cv-01049, Docket No. 4 (W.D. Tex. Oct. 6, 2022) (Plaintiff's Rule 7.1 Certificate of Interested Parties, making no mention of AiPi).  Movant also did not disclose AiPi's ownership or control of CTD in its apparently unauthorized opening brief, which itself acknowledged that the fee and sanctions motions were not decided and are not on appeal.  (*See* Document 21 at i, 2).  It is premature to turn this into an appeal on sanctions, and it is improper to turn it into an "equitable" proceeding on the dispute between Movant and CTD/AiPi.

Continuing the appeal would not only waste this Court's resources on unripe issues, but also force Microsoft to respond to Ramey LLP's filings for a dispute it already resolved. Movant faces sanctions in the district court precisely because it ignored the district court's clear warnings and baselessly prolonged the litigation. Movant's request to prolong this appeal compounds the waste and unnecessary expense Microsoft has already faced in this matter. Microsoft reserves the right to seek sanctions if Movant refuses to withdraw this motion.

## **CONCLUSION**

For these reasons, Microsoft respectfully requests that the Court deny Movant's Motion for Miscellaneous Relief and dismiss this appeal.

March 25, 2024

Respectfully submitted,

*/s/ Jonathan J. Lamberson*
Jonathan J. Lamberson
Henry Y. Huang
White & Case LLP
3000 El Camino Real
2 Palo Alto Square
Palo Alto, CA 94306
Telephone: (650) 213-0300

## <u>CERTIFICATE OF SERVICE AND FILING</u>

I certify that I electronically filed the foregoing document using the Court's CM/ECF filing system on March 25, 2024. All counsel of record were further served via email to their addresses of record on March 25, 2024.


Dated: March 25, 2024          */s/ Jonathan J. Lamberson*
                                       Jonathan J. Lamberson

<u>**CERTIFICATE OF COMPLIANCE**</u>

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that the foregoing motion complies with the type-volume limitations in Federal Rule of Appellate Procedure 27(d)(2)(C).  According to the word count feature of Microsoft Word, the motion contains 1307 words, excluding the exempted parts under Rule 32.  The motion has been prepared in a proportionally spaced typeface using Times New Roman in 14-point size.

Dated: March 25, 2024                    */s/ Jonathan J. Lamberson*
                                         Jonathan J. Lamberson

# EXHIBIT A

**Golstein, Barbara**

| | |
|---|---|
| **From:** | TXW_USDC_Notice@txwd.uscourts.gov |
| **Sent:** | Thursday, September 21, 2023 11:39 AM |
| **To:** | cmecf_notices@txwd.uscourts.gov |
| **Subject:** | Activity in Case 6:22-cv-01049-XR CTD Networks, LLC v. Microsoft Corporation Order on Motion for Sanctions |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court [LIVE]

Western District of Texas

## Notice of Electronic Filing

The following transaction was entered on 9/21/2023 at 1:38 PM CDT and filed on 9/21/2023

| | |
|---|---|
| **Case Name:** | CTD Networks, LLC v. Microsoft Corporation |
| **Case Number:** | 6:22-cv-01049-XR |
| **Filer:** | |
| **WARNING: CASE CLOSED on 08/22/2023** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Text Order TERMINATING [50] Motion for Sanctions entered by Judge Xavier Rodriguez. The Court will stay consideration of Defendant's motion for sanctions pending the resolution of Plaintiff's appeal. (This is a text-only entry generated by the court. There is no document associated with this entry.) (cb)**

**6:22-cv-01049-XR Notice has been electronically mailed to:**

Henry Yee-Der Huang    henry.huang@whitecase.com, jdisanti@whitecase.com, mco@whitecase.com

James Travis Underwood    travis@gillamsmithlaw.com, 4293145420@filings.docketbird.com, 6868477420@filings.docketbird.com, 7882699420@filings.docketbird.com, diana@gillamsmithlaw.com, dtaylor@gillamsmithlaw.com, inez@gillamsmithlaw.com

Jonathan J. Lamberson    lamberson@whitecase.com, barbara.golstein@whitecase.com

Kyril Vladimir Talanov    ktalanov@rameyfirm.com, litigation@rameyfirm.com

Melissa Richards Smith    melissa@gillamsmithlaw.com, 4178541420@filings.docketbird.com,

4293145420@filings.docketbird.com, 6868477420@filings.docketbird.com, diana@gillamsmithlaw.com, inez@gillamsmithlaw.com, mckellar@gillamsmithlaw.com, olivia@gillamsmithlaw.com, rosa@gillamsmithlaw.com, travis@gillamsmithlaw.com

William P. Ramey , III     wramey@rameyfirm.com, jkubiak@rameyfirm.com, ktalanov@rameyfirm.com, litigation@rameyfirm.com, thueske@rameyfirm.com, wbias@rameyfirm.com

**6:22-cv-01049-XR Notice has been delivered by other means to:**

# EXHIBIT B

**Subject: Activity in Case 6:22-cv-01049-XR CTD Networks, LLC v. Microsoft Corporation Order on Sealed Motion**

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court [LIVE]**

**Western District of Texas**

### Notice of Electronic Filing

The following transaction was entered on 11/6/2023 at 9:47 PM CST and filed on 11/6/2023

| | |
|---|---|
| **Case Name:** | CTD Networks, LLC v. Microsoft Corporation |
| **Case Number:** | 6:22-cv-01049-XR |
| **Filer:** | |
| **WARNING: CASE CLOSED on 08/22/2023** | |
| **Document Number:** | No document attached |

**Docket Text:**

**Text Order TERMINATING [56] Sealed Motion for Attorneys' Fees entered by Judge Xavier Rodriguez. The Court will stay consideration of Defendant's motion for attorneys' fees pending the resolution of Plaintiff's appeal. (This is a text-only entry generated by the court. There is no document associated with this entry.) (cb)**

**6:22-cv-01049-XR Notice has been electronically mailed to:**

Henry Yee-Der Huang     henry.huang@whitecase.com, jdisanti@whitecase.com, mco@whitecase.com

James Travis Underwood     travis@gillamsmithlaw.com, 4293145420@filings.docketbird.com, 6868477420@filings.docketbird.com, 7882699420@filings.docketbird.com, diana@gillamsmithlaw.com, dtaylor@gillamsmithlaw.com, inez@gillamsmithlaw.com

Jonathan J. Lamberson     lamberson@whitecase.com, barbara.golstein@whitecase.com

Melissa Richards Smith     melissa@gillamsmithlaw.com, 4178541420@filings.docketbird.com, 4293145420@filings.docketbird.com, 6868477420@filings.docketbird.com, diana@gillamsmithlaw.com, inez@gillamsmithlaw.com, mckellar@gillamsmithlaw.com, olivia@gillamsmithlaw.com, rosa@gillamsmithlaw.com, travis@gillamsmithlaw.com

William P. Ramey , III     wramey@rameyfirm.com, 3167001420@filings.docketbird.com, jkubiak@rameyfirm.com, litigation@rameyfirm.com, thueske@rameyfirm.com, wbias@rameyfirm.com

**6:22-cv-01049-XR Notice has been delivered by other means to:**

**Add.5**
