Docket No. 2023-2429

United States Court of Appeals
for the Federal Circuit

CTD NETWORKS, LLC,

*Plaintiff–Appellant*

v.

MICROSOFT LLC,

*Defendant-Appellee*

Appeal from The United States District Court for the Western District of Texas Originating Case No. 6:22-cv-01049-XR before Judge Xavier Rodriguez

**REPLY IN SUPPORT OF
MOTION FOR MISCELLANEOUS RELIEF**

Former Attorneys for Appellant:

Ramey LLP

/s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4(a) and Federal Rule of Appellate Procedure 26.1, former counsel for Appellant CTD Networks, LLC ("CTD") certifies the following, to the best of its knowledge:

1. The full name of every party previously represented by the undersigned is CTD Networks, LLC.

2. The real party in interest is CTD Networks, LLC and Ramey LLP.

3. Neither CTD Networks, LLC or Ramey LLP have a parent corporation and there is no publicly held corporation that owns 10% or more of the stock of either corporation.

4. The names of all law firms and the partners or associates that appeared for CTD Networks, LLC in the district court or are expected to appear in this Court are:

William P. Ramey, III of Ramey LLP

Kyril Talanov formally of Ramey LLP
[not expected to appear before this Court]

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. See Fed. Cir. R. 47. 4(a)(5) and 47.5(b).

1) 6:22cv01302 CTD Networks LLC v. Akamai Technologies, Inc., WDTX
2) 6:22cv01303 CTD Networks LLC v. Musarubra US LLC, WDTX
3) 6:22cv01304 CTD Networks LLC v. Palo Alto Networks, Inc., WDTX
4) 6:22cv01306 CTD Networks LLC v. Verizon Communications, Inc.,

WDTX
5) 2:23cv00273 CTD Networks, LLC v. Musarubra US, LLC , EDTX
6) 6:22cv01034 CTD Networks, LLC v. Amazon.com, Inc., WDTX
7) 6:22cv01038 CTD Networks, LLC v. AT&T Inc., WDTX
8) 6:22cv01039 CTD Networks, LLC v. Cisco Systems, Inc., WDTX
9) 6:22cv01042 CTD Networks, LLC v. Google, LLC, WDTX
10) 6:22cv01044 CTD Networks, LLC v. International Business Machines Corporation, WDTX
11) 6:22cv01049 CTD Networks, LLC v. Microsoft Corporation, WDTX

6. None

Date: April 1, 2024                                /s/ William P. Ramey, III
                                                  William P. Ramey, III

**REPLY IN SUPPORT OF MOTION FOR MISCELLANEOUS RELIEF**

Former Counsel for Appellant, CTD files this reply brief in support of its motion for miscellaneous relief showing this Court that Microsoft's response highlights the reason this relief is necessary because if the matter is settled, the matter is settled, and such settlement should terminate the matter in its entirety, rather than allow CTD and Microsoft to collude against Ramey LLP.

**MICROSOFT ADMITS THE CASE IS SETTLED WHICH SHOULD END ALL MOTION PRACTICE AT THE DISTRICT COURT**

Microsoft's response tells this Court that the matter is settled and that it would waste resources for the Court to continue the appeal.[1] However, Microsoft has failed to notify the District Court that the matter is settled or anyone at Ramey LLP that the matter is settled. Moreover, Microsoft misrepresents that the appeal brief was not authorized.[2]

**ARGUMENT**

Ramey LLP agrees that if the matter is settled between Microsoft and CTD, the case and all appeals should end. However, it appears that Microsoft and CTD are loose with their terms. It is undisputed that Ramey LLP and CTD's owners and managers are adverse[3] and it is undisputed that there are pending motions for

---

[1] Doc. No. 29 at 2-6.
[2] Doc. No. 26-2 at p. 6, ¶¶19-20 (19/80).
[3] Doc. No. 26-2 at p. 4, ¶¶10-11 (17/80).

attorneys fees[4] at the District Court.[5]  However, if the matter is truly settled between CTD and Microsoft all motions should be terminated.  Unfortunately, it appears Microsoft and CTD are conspiring to harm Ramey LLP.

CTD and Microsoft have not informed the District Court that the matter is settled.  Therefore, CTD and Microsoft are perpetuating a fraud on the District Court by not informing the District Court of such settlement and wasting judicial resources by having the District Court consider the motion under Section 285 for attorneys' fees against CTD.  It is undisputed that the District Court noted that it would not consider Microsoft's Motion for Attorneys' Fees until this Court decided the appeal of the dismissal of the First Amended Complaint[6] or the Motion for Sanctions against Ramey LLP until this Court decided the appeal of the dismissal of the First Amended Complaint.[7]  Here, the collusion between Microsoft and CTD guarantees the merits of the dismissal will not be considered by this Court thus opening Ramey LLP to potential liability on a matter that Microsoft has represented to this Court is settled.  It is difficult to imagine a more inequitable situation or that this type of collusion is proper.

Ramey LLP's rights are only protected by either the continuation of the appeal

---

[4] Doc. No. 26-2 at 21-45/80.
[5] Doc. No. 26-2 at 49-51/80.
[6] Doc. No. 26-2 at 49-51/80.
[7] Doc. No. 26-2 at 49-51/80.

or dismissal of the appeal with instructions that the District Court case is also terminated, because as represented by Microsoft, the underlying case is settled. This type of collusion should not be rewarded as it runs very far afoul of fair play and substantial justice.

If this Court determines it does not have enough facts on the alleged settlement between Microsoft and CTD, Ramey LLP requests discovery of all communications between Microsoft and CTD regarding settlement and any agreement resulting from the communications.

## CONCLUSION

For the foregoing reasons, Appellant's respectfully requests that the Court maintain the above-identified appeal, lift the stay and set a briefing schedule for Microsoft's Responsive Brief or Dismiss the appeal with instructions that the District Court case is also terminated as the matter is settled.

Respectfully submitted,

**Ramey LLP**

/s/ William P. Ramey, III
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
713-426-3923 (Telephone)
832-900-4941 (facsimile)

FORMER ATTORNEYS FOR
APPELLANT CTD NETWORKS,
LLC

## CERTIFICATE OF COMPLIANCE

I certify that this Motion is proportionately spaced and contains 580 words excluding parts of the document exempted by Federal Circuit Rule 27(d).

/s/ William P. Ramey, III
William P. Ramey, III

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of April 1, 2024, with a copy of the foregoing via e-mail.

/s/ William P. Ramey, III
William P. Ramey, III
